UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VICTOR M. KERN,

    Petitioner,

v.

STATE OF MINNESOTA,
SEVENTH JUDICIAL DISTRICT,

    Respondent.

Civil No. 10-845 (MJD/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

On May 14, 2008, Petitioner was convicted in the state district court for Wadena County, Minnesota, on a charge of "criminal nonsupport of child." Petition, [Docket No. 1], p. 1, §§ 1, 2, and 4. He was sentenced to "1 year and 1 day" in prison, (id., § 3), and he is presently serving his sentence at the Minnesota Correctional Facility in St. Cloud,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota.[2]

After Petitioner was convicted and sentenced, he filed a direct appeal that presented several grounds for relief, including:

(1)   he was deprived of his constitutional right to effective assistance of counsel, because the trial court wrongly forced him to represent himself at trial; and

(2)   he was deprived of his constitutional right to due process, because the trial court wrongly precluded him from presenting certain witnesses and documentary evidence that would have supported his defense.

The Minnesota Court of Appeals rejected all of Petitioner's arguments on the merits, and affirmed his conviction and sentence. State v. Kern, No. A08-1451 (Minn.App. Jan. 5, 2010), 2010 WL 10360 (unpublished opinion). Petitioner did not seek further review of his conviction and sentence in the Minnesota Supreme Court, and he apparently recognizes that it is now too late to do so. Petition, p. 2, § 9(e), p. 3, § 11(c) and (d).

Petitioner's current habeas corpus petition presents a compilation of claims. Petitioner contends, inter alia, that he was deprived of his constitutional right to equal protection, he had to "post excessive bail," he was denied "needed witnesses to testify at trial," he was deprived of certain evidence that was wrongly withheld by the prosecution, he was illegally arrested, he was harassed by the police, he was deprived of his First Amendment right to "petition the government," he was denied his constitutional rights under the Fourth Amendment because some of his property ("guns, powder, shells" etc.) was seized from a "caretaker," and he was deprived of his constitutional right to a jury trial on

---

[2] It appears that although Petitioner was sentenced in 2008, he did not actually begin to serve his sentence until January 2010.

certain issues. (Petition, pp. 4-5, § 12 and attachments. As discussed more fully below, the Court finds that Petitioner's current habeas corpus claims cannot be addressed on the merits because all of his claims have been procedurally defaulted.

## II. DISCUSSION

It is well established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a state prisoner, unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. Id. at 847; see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)"). Thus, a Minnesota state prisoner must present his claims to the Minnesota Supreme Court before they can be

3

entertained in a federal habeas corpus proceeding.

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo,

4

513 U.S. 298, 327 (1995). In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state criminal proceeding; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime(s) for which he was convicted.[3]

In this case, none of Petitioner's current habeas corpus claims has been fairly presented to, and decided on the merits by, the Minnesota Supreme Court, because Petitioner did not file a timely petition for further review after his conviction was affirmed by the Minnesota Court of Appeals. As Petitioner obviously recognizes, it is now too late to present any claims for relief to the Minnesota Supreme Court on direct review. See Petition, p. 3, § 11(c) (noting that the "review deadline" was February 4, 2010).[4] Because

---

[3] "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

[4] Petitioner could not attempt return to the state courts and seek further review of his claims by means of a state post-conviction proceeding brought under Minn.Stat. §§ 590.01 et seq., because post-conviction review is not available for claims that were known, but not raised, on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised

Petitioner has forfeited his opportunity to have his current habeas claims reviewed in the highest Minnesota state court, those claims have been procedurally defaulted.

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some <u>external</u> <u>impediment</u> prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. <u>Coleman</u>, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner seems to suggest that his failure to seek further review in the Minnesota Supreme Court, (which precipitated his procedural default), was caused by his incarceration. <u>See</u> Petition, p. 2, § 9(e). However, Petitioner's confinement alone cannot excuse his procedural default, because it is not an external impediment. <u>Malone v. Vasquez</u>, 138 F.3d 711, 719 (8th Cir.) (habeas petitioner's incarceration in California "did not amount to state interference with his access to the courts and is therefore not cause"

---

therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995). Petitioner must have known about all of his current claims while his case was being reviewed on direct appeal, so he cannot go back to the state courts at this time, and attempt to cure his procedural default by seeking post-conviction relief.

that could excuse procedural default), cert. denied, 525 U.S. 963 (1998).[5]

Petitioner also seems to suggest that he did not apply for review of his conviction in the Minnesota Supreme Court because his attorney failed to seek such relief on his behalf. If Petitioner is contending that his procedural default should be excused because it was caused by ineffective assistance of counsel, that argument must be rejected. Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the ineffective assistance argument itself has been fairly presented to the state courts as an independent challenge to the validity of the conviction at issue. Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"); Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert.

---

[5] As a practical matter, almost all federal habeas petitioners are incarcerated when it is time for them to seek further review in the highest state court on direct appeal. Thus, if incarceration alone constituted sufficient cause to excuse a procedural default, the doctrine of procedural default would effectively be nullified. The Court further notes that Petitioner's incarceration obviously did not prevent him from filing his current habeas corpus petition.

denied, 517 U.S. 1172 (1996).  Petitioner has not presented an ineffective assistance of counsel claim to the Minnesota Supreme Court, so ineffective assistance of counsel cannot serve as cause for his procedural default.

In sum, the Court finds that Petitioner is unable to show any legally viable external cause to excuse his procedural default.  Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component.  Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted.  All of Petitioner's current claims for relief pertain to errors that allegedly occurred before or during his trial, which purportedly deprived him of a fair determination of guilt beyond a reasonable doubt on the charges against him.  He has not cited any <u>new and previously undiscoverable evidence</u>, which would prove that he is, in fact, innocent of the crimes for which he was convicted.  Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that none of Petitioner's current habeas corpus claims can be entertained here.  The Court will therefore recommend that this case be summarily dismissed, with prejudice, based on procedural default.

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: April 2, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 16, 2010, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.